UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIDGETT F. WEBB,

                              Plaintiff,

                -against-

DR. HAROLD, UPPER HARLEM CLINIC,

                              Defendant.

23-CV-10334 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated March 4, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, but grants Plaintiff 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Bridgett F. Webb, who resides in New York, New York, brings this complaint alleging that, in "7-1982-1983," Defendant Dr. Harold conducted a "sexual improper pap smear and exam" at the Upper Harlem Clinic.[1] (ECF No. 1 at 2, 5.)

Plaintiff alleges

> I went in to Upper Harlem Clinic, which is located on 137 + 138th Street, 7th Avenue New York, NY 10030. I was there for a pap smear exam, and the Dr. had enter his fingers in my anal, instead of my vagina. I ask why did you touch me there, because that is not part of the exam and he did not answer me. I felt very uncomfortable and felt useless. I to this day request women doctors to do my pap smears. That day was so humiliated to me. I want to speak out now and want justice.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

(*Id.* at 5.) Plaintiff seeks "10 million for pain and sufferings, mental health." (*Id.* at 6.)

## DISCUSSION

### A.      Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua*

*sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark*

*Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc.*

*v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)

("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### 1.      Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

federal law if the complaint "establishes either that federal law creates the cause of action or that

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal

subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff does not allege any facts demonstrating a viable federal claim. Her allegations of sexual assault arise under state law, and thus, the Court does not have federal question jurisdiction of Plaintiff's claim.

### 2.       Diversity of Citizenship Jurisdiction

The Court construes Plaintiff's claim against Defendant as arising under the Adult Survivors Act, N.Y. C.P.L.R. § 214-j ("ASA"). Under New York law, intentional torts such as assault and battery must be brought within one year. N.Y. C.P.L.R. § 215(3). But the ASA provides for a one-year "look back" window for adult survivors of sexual assault whose claims otherwise fall outside the statute of limitations. Beginning six months after enactment of the ASA, on November 24, 2022, and continuing until November 24, 2023, anyone who was sexually assaulted as an adult in New York State and whose civil claim was previously outside the statute of limitations would have one-year to file a civil lawsuit.[2] *See* N.Y. C.P.L.R. § 214-j.

The federal court does not have jurisdiction of this state law claim unless Plaintiff can show diversity of citizenship. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. V. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. See 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that she and Dr. Harold reside in New York, precluding

---

[2] Plaintiff filed her complaint on November 22, 2023.

complete diversity of citizenship. Because the parties are not diverse, the Court does not have such jurisdiction of the claim.[3]

## B.   Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because Plaintiff does not currently state a federal claim, the Court declines, at this time, to exercise supplemental jurisdiction over the state law claim that Plaintiff is attempting to raise. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## C.   Leave to Replead

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

---

[3] The Court offers no opinion as to the viability of any state law claim Plaintiff may wish to pursue in state court against Defendant.

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although the Court finds that it is unlikely that Plaintiff can allege additional facts to state a valid federal claim, in light of her *pro se* status, the Court grants Plaintiff 30 days' leave to replead to allege facts showing that the Court has diversity of citizenship jurisdiction of her ASA claim.

Plaintiff must reallege her claim against Defendant, allege that Defendant resides in a state other than New York, and that her damages exceed $75,000. If Plaintiff has an address for Defendant, she must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should allege facts showing that the Court has diversity of citizenship jurisdiction of her ASA claim against Defendant.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

6

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-10334 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment in this case.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 10, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been
assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                     Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                     Zip Code

_____

Telephone Number                          Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____
First Name                        Last Name
_____
Current Job Title (or other identifying information)
_____
Current Work Address (or other address where defendant may be served)
_____
County, City                              State                    Zip Code

Defendant 2:
_____
First Name                        Last Name
_____
Current Job Title (or other identifying information)
_____
Current Work Address (or other address where defendant may be served)
_____
County, City                              State                    Zip Code

Defendant 3:
_____
First Name                        Last Name
_____
Current Job Title (or other identifying information)
_____
Current Work Address (or other address where defendant may be served)
_____
County, City                              State                    Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.